IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

SHAZAD BUKSH;
KRISHNA GATHANI;
GON SAMAN;

    PLAINTIFFS

vs.

DR. WILLIAM SARCHINO DPM FOOT         Civil Action
AND ANKLE SURGEON;                                      No. 2:21-cv-00190

WILLIAM SARCHINO;

SOUTHWESTERN VERMONT
MEDICAL CENTER;

SOUTHWESTERN VERMONT
HEALTH CARE;

    DEFENDANTS

## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

NOW COMES Krishna Gathani, Gon Saman, and Shazad Buksh, (hereinafter collectively referred to as "**Plaintiffs**") by and through their attorneys, Chadwick & Spensley, PLLC. and complain against Defendants as follows:

## FACTUAL BACKGROUND

Plaintiffs filed this suit against the Defendants because of a long-term pattern of abuse and discrimination based on race and religion against Plaintiffs. During their course of

employment, Plaintiffs were subjected to racial harassment, adverse employment decisions, gross negligence leading to injury, and retaliation after filing complaints of fraud.

All three Plaintiffs were exposed to dangerous levels of X-ray radiation despite their protests that Defendant was not following protocols. After filing a complaint, Defendant continued to disregard safety protocols and continued exposing two of the three Plaintiffs to dangerous X-ray radiation. One of the Plaintiffs, Gon Saman, now suffers from bladder cancer as a proximate result of these exposures. Defendant Sarchino, who is an experienced medical professional, breached the standard duty of care in disregarding safety protocols for X-rays; it is common knowledge among not just medical professionals, but most lay people as well, that excessive exposure to X-ray radiation is dangerous. What is more troubling is that not only did Sarchino know of the risk and was informed of the violations of State law, he continued this dangerous practice for several more weeks. (Amended complaint ¶ 62).

Additionally, Plaintiffs reported inaccurate billing and reports they believed to be fraudulent.

Following the report of X-ray procedure violations and fraudulent billing, Plaintiffs encountered adverse employment decisions that affected their ability to successfully complete their medical residency.

## **MEMORANDUM OF LAW**

The Supreme Court of the United States has set out the following standard that the courts should apply when assessing a 12 (b) (6) motion to dismiss: (1) the court should accept all of the factual allegations as true and all reasonable inferences should be drawn in favor of the complaint; (2) the court must determine whether those factual allegations "plausibly give rise to

an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Ashcroft Court further held that plaintiff need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief" and does not need to provide "detailed factual allegations" in order to survive a motion to dismiss. *Id*. (Internal citations omitted).

### Response to SVMC's Motion to Dismiss

Plaintiff has satisfied the legal standard to survive a motion to dismiss. Defendant implies that Plaintiff has not provided specific factual allegations. This is incorrect. Plaintiff has provided specific factual allegations related to dangerous X-ray exposure, racial harassment, and retaliation in the form of adverse employment decisions. These specific allegations have witnesses, they are thoroughly documented, and they have led to injuries in the form of financial loss and physical injury in the form of cancer.

The allegations are not threadbare recitals of the elements, as Defendant states in their motion (Docket No. 21, Page 5). Plaintiffs have provided credible testimony related to "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quoting *Iqbal,* 556 U.S. 662,672 (2009)). Additionally, this case does not involve one single Plaintiff; there are three individuals who have witnessed a litany of events that were retaliatory in nature and created a hostile work environment all which have been spelled out in detail in Plaintiffs Complaint and Amended Complaint which is being filed herewith.

### Plaintiffs 29 USC 151-169 Claims

Plaintiffs Gathani and Saman do not contest Defendant SVMC's motion to dismiss Count Four of their Complaint.

### Plaintiffs VOSHA Violation Claims

Although Paragraph 64 of Plaintiff's complaint addresses the retaliation of Defendants after they learned of Plaintiffs' VOSHA complaint., Plaintiff has filed herewith a proposed amended complaint that further addresses Defendants' violation of 21 VSA 231. Although Par 64 should provide sufficient detail to deny Defendant's Motion to Dismiss this count, the specific allegation of a violation of the statute meets the standard at this stage in the case to allow Plaintiffs' to survive Defendant's motion to dismiss this count.

"Although VOSHA is "patterned after the federal [Occupational Safety and Health Act ("OSHA"),]" *Green Mountain Power Corp. v. Comm'r of Labor and Industry*, 136 Vt. 15, 383 A.2d 1046, 1051 (1978), VOSHA provides for a private right of action for any aggrieved employee who has a claim for retaliation under the statute, while OSHA does not. See *Donovan v. Occupational Safety and Health Review Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983) ("Under OSHA, employees do not have a private right of action."). VOSHA provides: "[a]n employee aggrieved by a violation of section 231 of this title may bring an action in Superior Court for appropriate relief, including reinstatement, triple wages, damages, costs, and reasonable attorney's fees." 21 V.S.A. § 232.

To plead a claim for retaliation in violation of VOSHA, an employee must allege that "(1) [ ]he was engaged in a protected activity, (2) the ... defendant[ ] knew of that activity, (3) plaintiff suffered adverse employment action, and (4) a causal connection exists between plaintiff's protected activity and the adverse employment *383 action." *Mellin v. Flood Brook Union Sch. Dist.*, 173 Vt. 202, 790 A.2d 408, 417-18 (2001). "Plaintiff may establish the required causation indirectly through the timing of [his] protected activity and ... [D]efendant['s] alleged retaliatory actions." Id. at 418." *Cole v. Foxmar Inc.* United States District Court, D. Vermont 387 F.Supp.3d 370 (2019).

"The Vermont Supreme Court has not addressed whether a good faith, reasonable belief that a violation exists suffices for a VOSHA retaliation claim. In the context of other anti-retaliation laws, courts have concluded that it does. See, e.g., *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (holding that, under the Americans with Disabilities Act, a plaintiff may prevail on a claim for retaliation even when the underlying conduct complained of was not in fact unlawful "so long as he can establish that he possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated [the] law"); *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013)" *Cole* at Section D.

**Response to Defendant Sarchino's Motion to Dismiss**

> A co-employee or corporate officer may be subject to personal liability for acts or omissions under this section "only for those negligent acts or omissions that breach a personal, rather than a nondelegable corporate, duty owed to a plaintiff employee." *Dunham v. Chase*, 165 Vt. 543, 543, 674 A.2d 1279, 1280 (1996) (mem.). Thus, the determination of whether a co-employee may be held personally liable for an employee's injuries focuses on "the nature of the obligation the plaintiff alleges has been breached." *Garrity v. Manning*, 164 Vt. 507, 513, 671 A.2d 808, 811 (1996).

*Martel v. Connor Contracting, Inc.,* 2018 VT 107, 200 A.3d 160 (2018).

The allegations set forth in Plaintiffs' Complaint allege that Defendant Sarchino: 1) forced Plaintiffs to misappropriate government property and fraudulently add notes indicating his presence so that his personal business could profit for work he did not perform; 2) used his position as a supervisor and the ultimate decision maker on Plaintiffs' success in the residence program to intimidate Plaintiffs in an effort to keep them from reporting the fraudulent actions to both SVMC and government agencies and 3) knowingly exposed Plaintiffs to dangerous levels of radiation even after being informed by VOSHA that it violated state regulations.  These allegations set forth "more than a breach of the corporate duty to provide a safe workplace",

which would impose personal liability on Defendant Sarchino. *Dunham v. Chase*, 165 Vt. 543, 544 (1996).

### Plaintiffs Title VII Hostile Work Environment and Retaliation (First and Third Cause of Action)

Plaintiff's amended complaint has added an eighth claim under the Vermont Fair Employment Practices Act (VFEPA) which clearly allows for a finding of individual liability against supervisors and co-employees."The statute allows an employee to be sued as an individual—which is consistent with the Legislature's approach to personal liability for violation of the VFEPA."*Payne v. U.S. Airways, Inc.*, 2009 VT 90, ¶ 24, 186 Vt. 458, 472, 987 A.2d 944, 954 (2009). To the extent that the court may find for Defendant Sarchino under Title VII, the court may not similarly so find under Title VII's state analog.

### Plaintiffs Claims Under 21 VSA 507 (Second and Third Cause of Action)

18 VSA 1902(1) defines a hospital as "a place devoted primarily to the maintenance and operation of diagnostic and therapeutic facilities for in-patient medical or surgical care of individuals who have an illness, disease, injury, or physical disability, or for obstetrics." It is unclear to Plaintiff how Dr. Sarchino, and his d/b/a Dr. William Sarchino DPM Foot and Ankle Surgeon do not meet the definition of a hospital apart from Defendant Sarchino's assertion that he and his medical facility do not.

Plaintiffs allege that they were injured by an X-ray machine at Dr. Sarchino's facility (Amended complaint ¶ 58). An X-ray machine is commonly understood to be a medical diagnostic device. In order to escape Defendant Sarchino must establish that it would not be plausible to infer that Plaintiff's complaint supports the proposition that in-patient therapeutic medical care occurred at Defendant Sarchino's facility in light of the allegation that Defendant

Sarchino's instructed to Plaintiffs to steal hospital supplies for use at Sarchino's medical facility (Amended complaint ¶ 52). See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**Plaintiff's Claims for Violation of 29 U.S.C. §§ 151-169 (Fourth Cause of Action)**

Plaintiffs concede that the NRLA does not grant a private right of action.

**Plaintiff's Claims for Breach of Covenants of Good Faith and Fair Dealing (Fourth and Fifth Cause of Action)**

Contrary to Defendant Sarchino's statement, Plaintiffs have and did allege the existence of a contractual relationship with Dr. Sarchino. The relationship between Dr. Sarchino and Plaintiffs was not just a relationship between employees and their supervisor but also a relationship between students and a teacher. Due to the unique nature of medical training those enrolled in medical residency programs have property interests in certain aspects of their training. See *Ezekwo v. New York City Health & Hosps. Corp.*, 940 F.2d 775, 783 (2d Cir. 1991)

Additionally, *Ezekwo* recognized that residency directors possess sweeping powers and "essentially unrestricted [discretion]." *Id* at 784. Further, as laid out in Plaintiffs complaint, they were performing off site work for Defendant Sarchino in exchange for his educational guidance. For a contract to form there must be a meeting of the minds containing an offer, acceptance of that offer, and a mutual exchange of value between the parties. On this basis it would rationally appear that a contract between the parties does in fact exist.

**Plaintiff's Claims for Violation of 21 V.S.A. §201 (Fifth and Sixth Cause of Action)**

Contrary to Defendant Sarchino's assertions, "Although VOSHA is "patterned after the federal [Occupational Safety and Health Act ("OSHA"),]" *Green Mountain Power Corp. v. Comm'r of Labor and Industry*, 136 Vt. 15, 383 A.2d 1046, 1051 (1978), VOSHA provides for a

private right of action for any aggrieved employee who has a claim for retaliation under the statute, while OSHA does not. See *Donovan v. Occupational Safety and Health Review Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983)" *Cole v. Foxmar Inc.*, 387 F. Supp. 3d 370, 382 (D. Vt. 2019).

Plaintiffs amended complaint makes clear that Defendant Sarchino's retaliation against plaintiffs for reporting breaches of 21 V.S.A. §201 give rise to a private cause of action against him per VOSHA.

**Plaintiffs Negligence Claims (Sixth and Seventh Cause of Action)**

Although Defendant SVMC may claim that the worker's compensation statute provides an exclusive remedy for workplace injuries that are not intentionally caused by them, Defendant Sarchino enjoys no such protection. 21 VSA 624 provides an independent action against third parties. From *Libercent v. Aldrich*, 539 A. 2d 981, 983 VT (1987):

> In *Herbert v. Layman* this Court recognized that a co-worker is "some person other than the employer" for purposes of the dual liability provision of § 624, and held that negligence actions against fellow employees are maintainable, even where those employees act in a supervisory capacity. 125 Vt. 481, 483-84, 218 A.2d 706, 708 (1966). The acceptance of workers' compensation by a plaintiff will not bar a subsequent suit against the nonemployer wrongdoer. *Id.* at 486, 218 A.2d at 710; see also *Dubie v. Cass-Warner Corp.,* 125 Vt. 476, 478, 218 A.2d 694, 696 (1966). Third-party suits against co-employees are supported by both the plain language of § 624(a) and "by the argument that existing rights of action should not be deemed destroyed in the absence of clear language...." *Herbert,* 125 Vt. at 484, 218 A.2d at 709 (citation omitted).

Plaintiffs allege in their complaint that Defendant Sarchino, knowingly and repeatedly forced Plaintiffs to assist and conduct x-rays of patients in a manner that violated state regulations (Amended Complaint ¶ 58). What is even more troubling is that, even after being informed by the State that the x-rays were in violation of State regulations, Defendant Sarchino

continued the practice for several more weeks, which required Plaintiffs to file another complaint with the State (Amended Complaint ¶ 62).

Not only does 23 VSA 624 afford Plaintiffs a third party action against Sarchino but also, taking the allegations as true, the deliberate and knowing acts of exposing Plaintiffs to high levels of radiation without proper protection meets the high standard of showing that Defendant Sarchino intended to cause harm to Plaintiffs by putting them at an elevated risk of contracting cancer, which, in Plaintiff Buksh's case, has already transpired (Amended Complaint ¶ 63).

It bears repeating that Plaintiffs have a clear right of action against supervisors and co-employees. "In the instant case, plaintiff has a right to his common law negligence action against his co-employees to test his allegations that they failed to provide him with a safe and defect-free motor vehicle with which to perform his job. The fact that the plaintiff is a public rather than a private employee does not alter this right. The language of § 624 does not distinguish between public and private employees. The purpose of the statute, to preserve the injured worker's common law rights of action, *Dubie,* 125 Vt. at 479, 218 A.2d at 697, applies with equal force to employees in the public sector. Suits against co-workers in the public sector may be precluded, however, if the employees are protected by official immunity. *Libercent v. Aldrich*, 539 A. 2d 981 VT (1987)

WHEREFORE, Plaintiffs request that Defendants' Motion to Dismiss as to all Plaintiffs be DENIED.

Dated at Brattleboro, Vermont this 7th day of December, 2021.

Respectfully Submitted,

SHAZAD BUKSH

KRISHNA GATHANI
GON SAMAN


By <u>S/Evan Chadwick</u>_____
    EVAN CHADWICK, ESQ.
    CHADWICK & SPENSLEY, PLLC
    136 High Street
    Brattleboro, VT 05301
    (802) 257-7161
    evan@chadwicklawvt.com
    Attorney for Plaintiffs