UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| SHAZAD BUKSH;<br>KRISHNA GATHANI;<br>GON SAMAN;<br><br>          PLAINTIFFS,<br><br>V.<br><br>DR. WILLIAM SARCHINO DPM FOOT AND<br>ANKLE SURGEON;<br>WILLIAM SARCHINO;<br>SOUTHWESTERN VERMONT MEDICAL<br>CENTER;<br>SOUTHWESTERN VERMONT HEALTH<br>CARE;<br><br>          DEFENDANTS. | Case No. 2:21-cv-190 |

**STIPULATED PROTECTIVE AGREEMENT**

Plaintiffs Shazad Buksh, Krishna Gathani, and Gon Saman ("Plaintiffs") and Defendants Dr. William Sarchino, Southwestern Vermont Medical Center, and Southwestern Vermont Health Care ("Defendants") (individually a "Party" or collectively the "Parties") hereby agree as follows:

1. The Parties and their attorneys are authorized to receive, subpoena and transmit "protected health information" and other confidential information pertaining to Plaintiffs and Defendants, including information pertaining to the Parties' conduct, that is relevant to the issues in this matter, to the extent and subject to the conditions outlined herein.

2. For the purposes of this Stipulated Protective Agreement ("Agreement"), "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information,

including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information to attorneys representing Plaintiffs or Defendants.

4. The Parties and their attorneys are permitted to use or disclose any protected health information or confidential information obtained in this case for purposes of this action only, including any appeals of this case, and only to the extent that such information is relevant to the issues in the action.  Nothing in this Agreement shall waive any objection to such records being admitted at trial due to a lack of relevance or any other legitimate objection.  The limits on use and disclosure described above include, but are not necessarily limited to, disclosure to any of the Parties' attorneys and staff, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Any Party may designate documents containing confidential or protected health information as confidential and subject to this Agreement by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document (thereafter becoming "designated documents").  Documents shall be designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" prior to, or at the time of the production or disclosure of the documents.  The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Agreement.

6. Either Party may designate documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only after review of the documents by an attorney who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as containing confidential personal information, commercial information, personnel information, or protected health information.

7. Information or documents that are publicly available may not be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

8. Any "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation may be challenged by any Party. The following procedure shall apply to any such challenge:

    a. Objection to confidentiality. Within 30 days of the receipt of any documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or of the refusal to produce a document on the grounds of such designation, a Party may serve upon the designating Party a written objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. Documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to which an objection has been made shall remain designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" until designated otherwise by waiver, agreement, or order of the Court.

    b. Obligation to meet and confer. The objecting Party and the Party who designated the documents to which an objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by

agreement. If agreement is reached confirming or waiving the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation as to any documents subject to the objection, the designating Party shall serve on all Parties a notice specifying the documents and the nature of the agreement.

c. Obligation to file a motion. If the Parties cannot reach agreement as to any documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" the Party objecting to the designation shall file with the court within fifteen (15) days of the meet and confer conference a motion to remove the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation.

9. Prior to disclosing any designated documents to persons involved in this litigation, counsel shall inform each such person that such information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving designated information do not use or disclose such information for any purpose other than this litigation.

10. Within 45 days after the conclusion of the litigation, including any appeals, the Parties, their attorneys, and any person or entity in possession of designated documents received pursuant to this Agreement shall return the documents to the covered entity or Party that they received such documents from, except that counsel are not required to secure the return or destruction of protected health information submitted to the Court. Within 45 days of a Party receiving designated documents back from a person or entity, it shall shred such documents and provide notice of the shredding to the opposing Party.

11. Nothing in this Agreement authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

12. Any Party seeking to file documents that have been designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" must file them under seal with the Court.

13. No records, healthcare information, or social security numbers obtained from the medical records shall be sold, transferred, maintained, kept, or copied by any person or entity subject to this Agreement.  To the extent that the terms of this Agreement allow any Party to share, transfer, or copy records or healthcare information to third parties who may not be signatories to this Agreement (such as experts or officers) as a necessary part of litigation, the Party assumes responsibility for ensuring that any and all third parties with whom such information is shared, transferred or copied, comply with all of the terms and conditions of this Agreement.

14. The copies of records produced shall not be released to any other person or entity except counsel for Parties, or expert witnesses retained in this case, absent prior written permission from opposing counsel. All records shall be returned to either Parties' counsel or the covered entity producing the documents at the conclusion of this case.

15. Unless otherwise agreed or ordered, the terms of this Agreement shall remain in force between the Parties until dismissal or entry of final judgment not subject to further appeal.

Dated in Brattleboro, Vermont this 31st day of July, 2023.

                              SHAZAD BUKSH, KRISHNA GATHANI,
and GON SAMAN

By: /s/ *Evan Chadwick*
Evan Chadwick, Esq.
Chadwick & Spensley, PLLC
136 High Street
Brattleboro, VT 05301
(802) 257-7161
evan@chadwicklawvt.com
ATTORNEY FOR PLAINTIFFS

Dated in Brattleboro, Vermont this 31st day of July, 2023.

                              SOUTHWESTERN VERMONT MEDICAL
CENTER AND SOUTHWESTERN
VERMONT HEALTH CARE

By: /s/ *F. David Harlow*
Timothy E. Copeland, Jr., Esq.
F. David Harlow, Esq.
Brendan T. Sage, Esq.
Andrea O. Wright, Esq.
Downs Rachlin Martin PLLC
132 Main Street, Suite 212
Brattleboro, VT 05301
Telephone:  (802) 258-3070
Email:  tcopeland@drm.com
Email:  dharlow@drm.com
Email:  bsage@drm.com
Email:  awright@drm.com
ATTORNEYS FOR DEFENDANTS
SOUTHWESTERN VERMONT MEDICAL
CENTER AND SOUTHWESTERN
VERMONT HEALTH CARE

Dated in Burlington, Vermont this 31st of July, 2023.

                                  WILLIAM SARCHINO, M.D.

                  By:  /s/ *David M. Pocius*
                        David M. Pocius, Esq.
                        Paul Frank + Collins P.C.
                        P.O. Box 1307
                        Burlington, VT 05402-1307
                        802-658-2311
                        dpocius@pfclaw.com
                        ATTORNEY FOR DEFENDANT WILLIAM SARCHINO, M.D.

22205771.1

Downs
Rachlin
Martin PLLC

8