```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

Shazad Buksh, Krishna           )
Gathani, Gon Saman,             )
                                )
     Plaintiffs,                )
                                )
          v.                    )    Case No. 2:21-cv-190
                                )
Dr. William Sarchino DPM        )
Foot and Ankle Surgeon,         )
Williams Sarchino,              )
Southwestern Vermont Medical    )
Center, Vermont Health Care,    )
                                )
     Defendants.                )
```

## OPINION AND ORDER

Pending before the Court is Plaintiff Shazad Buksh's motion for a protective order, asking the Court to preserve his Fifth Amendment rights at his upcoming deposition.  Buksh alleges that he recently became aware of a federal investigation into his alleged conduct, and that he requires additional information from Defendants about their communications with the government and the potential of a criminal case being brought against him. Defendants argue that a potential criminal proceeding is not relevant to their civil counterclaim, that the objection is untimely, and that any Fifth Amendment concerns can be addressed at the time of the deposition.  For the reasons set forth below, the motion for a protective order is denied and Buksh shall be deposed within 30 days.

**Factual Background**

Plaintiffs filed their initial Complaint in this case on August 9, 2021, and subsequently filed an Amended Complaint. Their claims center on allegations of discrimination and retaliation in the workplace.  On August 31, 2022, Defendants Southwestern Vermont Medical Center ("SVMC") and Southwestern Vermont Health Care (collectively "Defendants") filed an Answer and Counterclaim.  The Counterclaim is brought solely against Plaintiff Buksh, alleging that while Buksh was employed at SVMC he sent emails containing confidential patient medical records from his SVMC email address to his personal Gmail address.  ECF No. 45 at 23.  Those records reportedly included patient x-rays, a Microsoft Excel document listing over 10,000 patient records, and logs related to patients Buksh observed and treated while at SVMC.  *Id.* at 24.

The Counterclaim asserts four causes of action: (Count I) breach of contract; (Count II) conversion; (Count III) breach of the duty of loyalty; and (Count IV) violations of the Vermont Computer Crimes Statute ("VCCS"), 13 V.S.A. §§ 4101-4107.  The VCCS provides both civil remedies and criminal penalties.  *Id.* §§ 4104-4106.  In his Answer to the Counterclaim, Buksh admitted to sending password-protected records to his personal email address.  ECF No. 50 at 2.

On December 19, 2022, Buksh responded to SVMC's discovery requests, which included requests for information about the information sent to his personal email address. He submitted those responses without objection. ECF No. 102-2. Buksh supplemented his responses on March 8, 2023. ECF No. 102-3.

On May 4, 2023, Buksh served a first set of interrogatories and request for production asking, in part, whether SVMC "or any agent thereof, reported the allegations contained in Count IV of the [] counterclaim to any local, county, state, or federal police or law enforcement agency." ECF No. 102-4 at 3. He also asked for the names of any agencies, officers, or investigators involved, and any documents exchanged with those agencies. *Id.* at 4. On July 19, 2023, SVMC objected to Buksh's requests as irrelevant. ECF No. 102-5 at 3. Notwithstanding its objection, SVMC produced documents showing that it had reported a potential security breach to the Vermont Attorney General's Office. ECF No. 102-6. SVMC submits that such a report was required by Vermont's Security Breach Notice Act, 9 V.S.A. §§ 2430 and 2435. The correspondence to the Attorney General's Office stated that SVMC was investigating the possible breach and "cooperating with law enforcement." *Id.* at 3. SVMC also produced its report to the U.S. Department of Health and Human Services. Buksh sought no further discovery on those issues at that time.

In an email dated October 27, 2023, Google notified Buksh that it had "received and responded to a legal process issued by the United States Department of Justice (DOJ) compelling the release of information related to [his] Google account." ECF No. 101-4 at 1.  The email further stated that "[a] court order previously prohibited Google from notifying [him] of the legal process."  *Id.*  Buksh also obtained a copy of a grand jury subpoena issued to Google.  ECF No. 101-5 at 1.  He reportedly became aware the Google email when he found it in his spam folder on January 7, 2024.  ECF No. 101 at 2.

Buksh subsequently retained criminal defense attorney David Sleigh.  On January 23, 2024, Attorney Sleigh contacted the United States Attorney's Office for the District of Vermont asking for further information about the Google subpoena.  ECF No. 101-6 at 1.  The government's response explained that "[a]round the time of the subpoena, the United States and the grand jury had opened an investigation of possible crimes related to medical records.  Since the time of the subpoena, the government has closed the investigation."  *Id.*  The response also stated that "[t]his information should not be interpreted as a promise by the United States concerning potential prosecution or investigation of any criminal conduct by your client."  *Id.*

Buksh was initially scheduled to be deposed on October 30-31, 2023. In early October 2023, his attorney moved to withdraw from the case. The Court held a hearing on the motion on October 24, 2023, allowed counsel to withdraw, and ordered Buksh (who now lives and works in Oregon) to appear in Vermont for a deposition within 30 days of new counsel's appearance. Buksh's deposition was subsequently re-scheduled for February 13-14, 2024.

On January 31, 2024, Buksh's counsel emailed counsel for SVMC stating that he had recently learned of the grand jury investigation. ECF No. 101-7. Counsel requested the identity of the person who had referred the criminal charges, as well as all related communications. Counsel further advised that "[u]ntil this situation can be better understood, at a minimum Dr. Buksh will not be answering any deposition questions on the counterclaim." *Id.* at 3. Buksh's attorney proposed the following series of protections, which he now asks the Court to enforce:

> 1. No questions will be asked at the depo about the counterclaim until we have more info about the referral as outlined above including communications with USA and the reasons for USA closing the case.
>
> 2. No one will contend waiver of the privilege based on questions that were answered at the deposition. The Qs answered are deemed to be unrelated to the counterclaim.

5

>    3.   The resumption of Dr. Buksh's depo on the counterclaim will be either remote or the hospital pays for his time and travel expenses for in-person depo.

*Id.* at 1.  Counsel for Defendants did not consent to such conditions, and the parties were unable to resolve the issue despite their good faith efforts.

On February 8, 2024, Buksh's insurer agreed to provide a defense on the counterclaim and retained counsel from the law firm of Sheehy, Furlong and Behm.  New counsel subsequently informed the parties that he would endorse delaying the deposition.  ECF No. 101-9.

Buksh now moves the Court to enforce his proposed protections at the deposition.  Defendants oppose the motion, arguing that the objections and proposals are untimely, irrelevant, and without legal support.  Defendants also ask the Court to order Buksh to appear for his deposition within 30 days.

## **Discussion**

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending."  Fed. R. Civ. P. 26(c)(1).  If the moving party shows good cause, a court may grant a motion for a protective order to protect that party "from annoyance, embarrassment, oppression, or undue burden or expense."  *Id.*; *see also Gordon v. Target*

6

*Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) ("[T]he touchstone for determining whether to issue a protective order under Rule 26(c) lies, in the first instance, on a party's ability to establish good cause."). The burden is on the party seeking issuance of the order to show good cause through "particular and specific facts" as opposed to "conclusory assertions." *Rofail v. United States*, 227 F.R.D. 53, 54-55 (E.D.N.Y. 2005).

Defendants first argue that Buksh's motion is untimely. While Buksh contends that the Fifth Amendment issue did not become pressing until he learned of the federal investigation in January 2024, he has been on notice of possible criminal proceedings for several months. Buksh himself admitted that he sent patient information to his private email. In July 2023, SMVC produced documents showing that it had contacted the Vermont Attorney General's Office and was cooperating with law enforcement. Consequently, the prospect of a criminal investigation is not a surprise. The parties have known about Buksh's upcoming deposition since at least October 2023, and the Court finds that he did not move to protect his rights in a timely manner.

Furthermore, by refusing to answer any questions about the Counterclaim until he receives further information, Buksh is essentially invoking a blanket Fifth Amendment defense. Courts have held that "the general reasonableness of a fear of

7

potential self-incrimination does not justify a refusal to answer any and all questions.  The appropriateness of assertions of privilege must be determined on a question-by-question basis." *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 00 Civ. 7532 (GEL), 2004 WL 1418201 at *2 (S.D.N.Y. June 23, 2004); *see also United States v. Arias*, 404 F. App'x 554, 556 (2d Cir. 2011) (district court must undertake a "particularized inquiry" to determine if invocation of Fifth Amendment "was founded on a reasonable fear of prosecution as to each of the posed questions" (quoting *United States v. Zappola*, 646 F.2d 48, 53 (2d Cir. 1981)).  Accordingly, the Court cannot accept a blanket assertion of the privilege as good cause for a protective order.

    Moreover, Buksh's desire to identify the person or persons who reported his activities to government officials does not warrant a protective order.  Those identities are not relevant to Defendants' Counterclaim, which focuses purely on Buksh's conduct while at SMVC and the resulting alleged harm.  The likelihood of a future prosecution is also not controlling, as the documents make clear that the federal government has closed its case.  While the government stated that it may pursue an investigation again in the future, any argument based upon the potential of federal criminal charges is, at this point, speculative.  *See Est. of Fisher v. Comm'r*, 905 F.2d 645, 649 (2d Cir. 1990) ("The danger of self-incrimination must be real,

8

not remote or speculative."); *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 262 F. Supp. 2d 302, 306 (S.D.N.Y. 2003) (party may invoke the Fifth Amendment to decline to answer a deposition question only when he "has reasonable cause to apprehend that answering the question will provide the government with evidence to fuel a criminal prosecution").

Finally, insofar as he is asking the Court to delay any questioning on the Counterclaim, Buksh is requesting a partial stay. "A preemptive assertion of the Fifth Amendment privilege does not justify granting a stay of proceedings." *Hernandez v. Sub Enterprises Inc.*, No. 21-CV-1874 (RER), 2023 WL 2390543, at *7 (E.D.N.Y. Mar. 7, 2023). Indeed, "[p]re-indictment requests for a stay of civil proceedings are generally denied." *U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Grp., Inc.*, 297 F. Supp. 2d 531, 534 (E.D.N.Y. 2003).

In weighing the factors typically considered when a stay is requested, *see Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012), the Court finds that: *if* the federal government resumes its criminal investigation, the substance of the investigation would likely overlap with the events alleged in the Counterclaim; there is no indication of such a criminal case actually being pursued or of any pending indictment; Buksh has a minimal private interest, beyond his First Amendment rights, in discussing conduct to which he has already admitted

9

and documents he has already disclosed; Defendants would be significantly burdened by postponing questioning until Buksh is able to identify the people who reported him and the federal government's plans with respect to any further investigation; the Court has an interest in moving this case forward while at the same time allowing Buksh to assert his constitutional rights; and the interest of the public, particularly those patients whose information may have been revealed, weighs against granting a stay.

If Buksh is concerned about the possibility of self-incrimination, the proper procedure is for him to attend his deposition and assert his Fifth Amendment rights on a question-by-question basis.  *See Moll v. U.S. Life Title Ins. Co. Of New York*, 113 F.R.D. 625, 628-29 (S.D.N.Y. 1987) ("The proper procedure is for the deponent to attend the deposition, to be sworn under oath, and to answer those questions he can without risking self-incrimination.").  Accordingly, in the absence of good cause, Buksh's motion for a protective order is denied. Buksh shall be deposed within 30 days of this Opinion and Order, either remotely or in person with expenses to be determined by the parties.

## Conclusion

For the reasons set forth above, the motion for protective order (ECF No. 101) is denied.

DATED at Burlington, in the District of Vermont, this 19th day of March, 2024.

<u>/s/ William K. Sessions III</u>
William K. Sessions III
U.S. District Court Judge
