```
                  UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT

Shazad Buksh, Krishna          )
Gathani, Gon Saman,            )
                               )
     Plaintiffs,               )
                               )
          v.                   )     Case No. 2:21-cv-190
                               )
Dr. William Sarchino DPM       )
Foot and Ankle Surgeon,        )
William Sarchino,              )
Southwestern Vermont Medical   )
Center, Southwestern Vermont   )
Health Care,                   )
                               )
     Defendants.               )
```

**OPINION AND ORDER**

Pending before the Court is Defendants' motion to compel, in which they argue Plaintiffs have failed to comply with requests for three categories of discovery.  First, Defendants seek discovery from all three Plaintiffs involving subsequent employment and all relevant emails and text communications. With respect to Plaintiffs Gathani and Saman, this discovery would include all personnel records from the James A. Haley Veterans Hospital in Tampa, Florida.  Next, Defendants request email communications from the Plaintiffs' personal email addresses which are relevant to the pending litigation. Finally, Defendants ask for unredacted and complete text messages which are currently redacted.

1

Plaintiffs had a duty to mitigate damages once they left Defendants' program. Plaintiffs Gathani and Saman are requesting damages for the one-year delay in their professional employment because they received no credit for the one year of residency spent at Defendants' program. The decision not to credit Plaintiffs Gathani and Saman for that period of their residency is highly relevant to the issue of mitigation of damages. Moreover, Plaintiffs' conduct in their residency programs is highly relevant to issues of employability and compensation. Defendants are entitled to all records regarding these residencies because of the records' relevance to mitigation of damages.

Plaintiffs seek to limit disclosure of these records to those which are relevant to credit for the one year of residency at the Defendants' program. In particular, Plaintiffs argue that references to discipline or termination from the residency programs are not relevant. The Court disagrees. The obligation to mitigate damages extends to employability, and if plaintiffs engaged in conduct which would impact their ability to become employed or the level of compensation for subsequent employment, that is all discoverable. The Court orders Plaintiffs to provide all of their personnel files from subsequent residency programs to Defendants.

Plaintiffs have shared only small amounts of records of their personal emails with Defendants. Apparently, Plaintiffs have limited their searches of personal emails through their use of search terms. As an example, Dr. Saman testified he did not review his emails to include messages among co-Plaintiffs. It appears Plaintiffs have used their personal emails in communications with their residency programs, and with each other about their participation in the Defendants' program. Those emails and text messages are highly relevant in this litigation, and the Court orders Plaintiffs to conduct a more thorough search of their personal emails and text messages for relevant discovery. All relevant documents should be provided to Defendants.

Finally, Plaintiffs should attempt to remove all redactions from the discovery already provided to Defendants. If Plaintiffs are unable to remove the redactions, they should make a full disclosure to Defendants as to the reasons for the failure to provide clear copies of the documents.

Wherefore, Defendants' motion to compel (ECF No. 172) is granted.

DATED at Burlington, in the District of Vermont, this 27th day of February, 2025.

/s/ William K. Sessions III
Hon. William K. Sessions III
District Court Judge