UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Shazad Buksh, Krishna          )
Gathani, Gon Saman,            )
                               )
    Plaintiffs,                )
                               )
        v.                     )    Case No. 2:21-cv-190
                               )
Dr. William Sarchino DPM       )
Foot and Ankle Surgeon,        )
William Sarchino,              )
Southwestern Vermont Medical   )
Center, Southwestern Vermont   )
Health Care,                   )
                               )
    Defendants.                )

## OPINION AND ORDER

Defendant William Sarchino moves pursuant to Federal Rule of Civil Procedure 37(c)(1) to exclude the expert report and opinions of Phillip Beron, M.D. Plaintiff Shazad Buksh disclosed Dr. Beron as an expert in December 2022 pursuant to Federal Rule of Civil Procedure 26(a)(2). Dr. Beron will reportedly support Plaintiff Buksh's claims of negligence arising out of (1) a lack of adequate training and (2) a lack of protective procedures during x-rays. Defendants raise two objections to the disclosure. First, the expert report did not address previous opinions or cases in which Dr. Beron provided expert testimony during the preceding four years. Second, Dr. Beron included the following language in his report: "This

report is not intended to be an exhaustive summary of all my conclusions or reference materials." Defendants seek to strike Dr. Beron's report and conclusions as incomplete because of that language.

At the outset, Defendants' counsel has not complied with Federal Rule of Civil Procedure 37 and this Court's Local Rule 26(c) which require a party filing a motion to compel to have "[c]onferred with opposing counsel in a good faith effort to reduce or eliminate the controversy or arrive at a mutually satisfactory resolution." Furthermore, although previous counsel for Plaintiff Buksh forwarded the expert report to Defendants without listing previous opinions, as required by Rule, Defendants' counsel did not address the violation for over two years. Current Plaintiff's counsel remedied the violation once informed about the problem. Now that Defendants' counsel has a list of previous opinions, the initial failure has no prejudicial impact. If defense counsel requests, the Court will extend the discovery schedule to permit a deposition of Dr. Beron.

Plaintiff argues the limiting language used in Dr. Beron's report is a typical reservation that permits experts flexibility to explain reasoning and opinions. This reservation does not suggest the expert will offer new opinions. Certainly, if the expert attempted to use this language to invite new opinions at

2

trial, such efforts can be prevented by order of the Court.  To the extent the language suggests some flexibility in describing the background or foundations of an opinion, it is permissible and does not justify a ruling excluding the entire report. Defendants' motion to exclude the expert report and opinions of Phillip Beron, M.D. (ECF No. 177) is DENIED.

DATED at Burlington, in the District of Vermont, this 27th day of February, 2025.

/s/ William K. Sessions III
Hon. William K. Sessions III
District Court Judge