UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Shazad Buksh, Krishna Gathani,    )
Gon Saman,                        )
                                  )
            Plaintiffs,           )
                                  )   Case No. 2:21-cv-190
      v.                          )
                                  )
Dr. William Sarchino DPM Foot     )
and Ankle Surgeon, William        )
Sarchino, Southwestern Vermont    )
Medical Center, Southwestern      )
Vermont Health Care,              )
                                  )
            Defendants.           )

**OPINION AND ORDER**

Plaintiff Shazad Buksh ("Buksh") brought this case, which includes claims against defendant William Sarchino ("Sarchino") for negligence, violation of whistleblower and employment acts, and tortious interference. Pending before the Court is Sarchino's motion to exclude the expert report and opinions of Phillip Beron, M.D. ("Beron"). For the reasons set forth below, the motion is granted.

**Factual Background**

**I.   Beron's Opinion**

In this case, Beron's opinion relates to Buksh's negligence claim: Buksh alleges that Sarchino "breached the standard of ordinary care" by exposing residents (including Buksh) to

dangerous levels of radiation when they were ordered to take x-rays at Sarchino's private practice "without proper protection or monitoring" and, as "a direct and proximate result of Sarchino's actions" Buksh suffers from damages "including those related to bladder cancer."  ECF No. 124 at 22.  Beron wishes to "opine on whether the alleged exposure to ionizing radiation harmed Dr. Buksh, including but not limited to causing bladder cancer, increasing risk of future radiation-induced cancers, increasing the risk of local/regional/distant recurrence, shortening his life, and causing a Trisomy abnormality."  ECF No. 219-4 at 5.

Beron is a "practicing physician licensed by the state of California and the state of Arizona" who received his M.D. from Wayne State University medical school.  *Id.*  He completed his residency in radiation oncology at William Beaumont Hospital, Royal Oak, Michigan.  *Id.*  He is board-certified in therapeutic radiology/radiation oncology, "which includes being tested and passing the sections on genitourinary malignancies, which includes bladder cancer."  *Id.*  He has evaluated and treated over a thousand patients with genitourinary malignancies in his career and has been "treating most forms of cancer for approximately 27 years."  *Id.*

2

## II.  Procedural Posture

Defendant William Sarchino moves to exclude Beron, arguing: (1) that Beron's opinions do not meet the threshold for admissibility under Federal Rule of Evidence 702, especially where the facts the opinion is based upon may be wrong; and (2) that, even if certain factual assumptions were reliable, Beron's report relies upon the "no safe dose" theory of causation and as such is unreliable and inadmissible.

In opposing the motion to exclude, Buksh argues that Beron's testimony "is likely not needed in this case" because Buksh has a separate workers' compensation case against SVMC before the Vermont Department of Labor ("workers' compensation case"), and Buksh argues that in that case the "questions of causation and injury" have already been litigated in a contested evidentiary hearing.  ECF No. 241 at 2.  According to Buksh, who wrote his opposition to the motion to exclude before the Department of Labor's administrative judge issued a decision, should the decision be *adverse* to him, then "the claim of negligence for x-ray exposure for which Dr. Beron is one of the experts will be subject to issue preclusion and Dr. Buksh may have to pursue any appeal available to him in state court."  *Id.* Accordingly, Buksh "requested that the Court stay the negligence claim until the Department's decision has been issued."  *Id.* at

3

3.  In the alternative, Buksh argues that Sarchino waived any objections to Beron's testimony.

Sarchino's reply informed the Court that the hearing officer in the workers' compensation case had issued a decision, dated April 13, 2026.  *See* ECF No. 252-1.  The decision found that:

> Dr. Beron's key opinion that Claimant had cancer at all times requires both (1) accepting his inferences and suppositions about what Claimant's non-testifying treating providers must have thought, and (2) crediting those inferred opinions as accurate.  I cannot make these inferential leaps with sufficient confidence to say that Claimant has bladder cancer beyond a mere "possibility, suspicion or surmise."

ECF No. 252-1 at 9.  Accordingly, Buksh's claim for benefits was denied because he had not established his entitlement to workers' compensation benefits for bladder cancer, though the decision noted that Buksh could file a new claim should he develop bladder cancer or other injury in the future.

## Analysis

Ordinarily, under a Daubert motion it is the party proffering the expert who carries the burden of proof of showing that the testimony is admissible.  *See United States v. Pollok,* 139 F.4th 126, 140 (2d Cir. 2025) ("The proponent of the expert testimony bears the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied.").  Here, however, instead of responding to the

issues raised under Rule 702 by Sarchino's motion, Buksh insists that his expert's testimony is "likely not needed in this case" and requests (without filing a separate motion) that the Court stay the negligence claim until the Vermont Department of Labor issues a decision in the workers' compensation case.  At this time, an administrative judge has issued a ruling in the parallel proceeding, and yet Buksh did not inform this Court either of the decision or of his intentions regarding appellate relief.  Accordingly, the Court must decide not only whether to grant Sarchino's motion to exclude Beron, but also whether or not to stay the negligence claim, and whether Sarchino has waived his objections to Beron's opinion.

First, the Court will not stay the negligence claim.  Buksh only asked that the stay be in place "until the Department's decision has been issued," and a decision has now been issued— therefore, there is no reason to stay.  Moreover, though district courts have significant discretion in determining whether to impose a stay, *Clinton v. Jones*, 520 U.S. 681, 706 (1997), a "district court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Loftus v. Signpost, Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d

83, 96 (2d Cir. 2012); *see also Green Mountain Chrysler Plymouth Dodge Jeep v. Torti*, Nos. 2:05-cv-302, 2:05-cv-304, 2006 WL 8567240 at *3 (D. Vt. May 3, 2006) (in order for a district court to stay proceedings based on judicial efficiency, the moving party must "make out a clear case of hardship or inequity in being required to go forward, if there is even a possibility that the stay… will work damage to someone else."). Here, defendants Sarchino and SVMC have fully briefed motions for summary judgment and motions to exclude certain experts. It is more efficient for the Court to decide these fully-briefed motions than to stay one claim—and it is certainly more efficient for the Court to rule on this issue now than to stay a claim for an event (the issuance of the decision in the workers' compensation case) that has *already happened*.

Second, the Court holds that Sarchino has not waived his objections to Beron's testimony. Buksh argues that because counsel for Sarchino entered his appearance in the workers' compensation case, and because that same counsel attended the entire evidentiary hearing in the workers' compensation case without participating (a hearing at which Beron testified), Buksh has now waived any objections to Beron's testimony. In making his argument, Buksh relies upon *Harvey v. Astrue*, a Northern District of New York case that found that a plaintiff had forfeited her chance to object to expert testimony where she

did not first raise the objection before the administrative law judge in his social security case.  No. 5:05-CV-1094 (NAM), 2008 WL 4517809, 2008 U.S. Dist. LEXIS 75406, at *15 (N.D.N.Y. Sep. 29, 2008).  However, *Harvey* was a case seeking review of the Commissioner of Social Security's decision to deny benefits; this suit is not reviewing the workers' compensation case and there is no underlying administrative decision here.

Third, the Court holds that Buksh did not carry his burden to show that his proffered expert was admissible.  Buksh has assured this Court that his expert's testimony is "likely not needed in this case" and he has added that Beron's opinion in his report dated December 1, 2022, has since been influenced by the "passage of time and various developments" and has that Beron was "informed" by this additional evidence.  ECF No. 241 at 4.  Buksh states that Sarchino was provided an "updated disclosure" as to Beron's "informed" views at the workers' compensation case hearing, but Buksh did not attach any updated opinions—or even a transcript from the hearing—for this Court's benefit.[1]  Buksh has not explained to this Court why his expert's testimony is admissible, whereas Sarchino has convincingly argued that (1) the x-ray data that Beron based his opinion on was a self-serving, speculative estimate provided by Buksh in

---

[1] Buksh did provide his own proposed findings of fact, as submitted in the workers' compensation case.  ECF No. 244-34.

the face of the other x-ray data disclosed in discovery; and (2) Beron also based his opinion upon inferences about what the notes of other treating physicians meant, including a Pathology Report written at Johns Hopkins, that stated that a biopsy of a suspected tumor in Buksh's bladder had a "differential diagnosis."  Beron interpreted this to mean that there was a 50/50 chance of each diagnosis, though he was not involved in the Pathology Report and he does not appear to have personally examined Buksh or any tissue samples from Buksh.[2]  Again, Buksh has provided no response to these issues.

Accordingly, in the face of these discrepancies, the Court finds that Beron's opinion is not based upon sufficient facts or data (x-ray numbers), nor is it the product of reliable principles and methods (Beron's interpretation of treatment records).  *See* Fed. R. Evid. 702(b), (c).  Beron's opinion must then be excluded.  The Court does not reach Sarchino's argument that the "no safe dose" theory of specific causation is unreliable.

---

[2] Coincidentally, this is the same reason the administrative judge in the workers' compensation case could not conclude that Buksh had cancer: "Dr. Beron's key opinion that Claimant had cancer at all requires both (1) accepting his inferences and suppositions about what Claimant's non-testifying treating providers must have thought, and (2) crediting those inferred opinions as accurate."  ECF No. 252-1 at 9.

8

## Conclusion

For the reasons set forth above, the Court GRANTS Sarchino's motion to exclude the expert report and opinions of Beron.  ECF No. 219.

DATED at Burlington, in the District of Vermont, this 6th day of July 2026.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge