UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Shazad Buksh, Krishna Gathani,   )
Gon Saman,                       )
                                 )
            Plaintiffs,          )
                                 )    Case No. 2:21-cv-190
      v.                         )
                                 )
Dr. William Sarchino DPM Foot    )
and Ankle Surgeon, William       )
Sarchino, Southwestern Vermont   )
Medical Center, Southwestern     )
Vermont Health Care,             )
                                 )
            Defendant.           )

## OPINION AND ORDER

Pending before the Court is Defendants' motion for discovery sanctions. ECF No. 226. Defendants move for sanctions against plaintiffs Shazad Buksh and Krishna Gathani pursuant to Federal Rule of Civil Procedure 37(b)(2).

On February 27, 2025, this Court issued an opinion and order granting Defendants' previous motion to compel and ordering that the plaintiffs: (1) provide all of their personnel files from subsequent residency programs to Defendants; (2) conduct a more thorough search of their personal emails and text messages for relevant discovery and provide all relevant documents to Defendants; and (3) attempt to remove all

redactions from the discovery already provided to Defendants.

*See* ECF No. 196.

After the Court's order, Plaintiffs state that they made a supplemental production on March 7, 2025 that consisted of 326 pages of emails, documents, and text messages.  *See* ECF No. 198. Both remaining Plaintiffs also submitted affidavits swearing that they searched through their personal emails.[1]  Nevertheless,

---

[1] Buksh swore:

> I have complied with all court discovery requests and orders in this case.  SVMC has had all my emails on its server at all times, and once I left the program, I no longer have any access to those emails.  I see from the discovery that SVMC provided all those emails and other information to the law enforcement agencies. As for my personal emails, I looked through them for anything having to do with the Court's Order on my damages and other communications relating to the issues in this case and gave those to my lawyers.  In addition to the earlier production, one was made by March 7, 2025. [sic] following this Court's Order. That production has all my email inquiries to transfer from SVMC and to find a job.  While at SVMC, I had made numerous inquiries about transfers to other programs and those emails were produced.  I made inquiries for jobs and those have been produced.  Once I decided to start my own practice, there were no other emails for job searches.  I doubled [sic] check the emails sent while at SVMC related to our complaints and related communications.  I scrolled through all the emails as there were not that many outside the SVMC account.  I am not aware of anything that has not been produced.

ECF No. 244-2 at 9.  Gathani swore:

> In following the discovery requests and this Court's Order for my emails and texts, I turned everything over to my lawyers.  SVMC has access to my SVMC account after I left in June 2020, I no longer did.

Defendants argue that Plaintiffs failed to follow this Court's February 27 order in two main ways.

First, this Court ordered Plaintiffs to search and produce emails from their personal email addresses beyond using their own search terms. ECF No. 196 at 3 ("It appears Plaintiffs have used their personal emails in communications with their residency programs, and with each other about their participation in the Defendants' program. Those emails and text messages are highly relevant in this litigation, and the Court orders Plaintiffs to conduct a more thorough search of their personal emails and text messages for relevant discovery. All relevant documents should be provided to Defendants."). Defendants argue that Plaintiffs have not searched their emails, and state that though Defendants sent a detailed list of

---

> Much of my emails were on the SVMC account. I checked my personal email, by scrolling through my inbox and sent boxes during my residency. I only applied to the James A. Haley V.A. facility in Florida to transfer from SVMC and all those emails were produced. I have produced all my personnel records that I had in my possession from that facility. My lawyers sent an authorization for the release of my records to that facility and they have not responded. I expect the bulk of my records were in my possession and have been produced. I have produced all my text messages. I believe the defendants have all the emails and text messages they asked for and this Court has required. I rechecked my effort and did not find anything that was not previously provided.

ECF No. 246-2 at 8.

proposed search terms, topics and email addresses to Plaintiffs on March 25, 2025, the Plaintiffs never confirmed that they used these search terms and never disclosed additional personal email communications.[2]  The Court ordered Plaintiffs to disclose all "emails and text messages" with each other about their participation in the Defendants' program, and yet—according to Defendants—Plaintiffs have provided no emails between residents and incomplete text messages.  ECF No. 258 at 1-2.  The Court cannot order Plaintiffs to produce emails or text messages that do not exist.  However, Defendants have pointed to surprising gaps of information (including no texts between Saman and Gathani) that appear to call into question the thoroughness of the search for responsive documents conducted by Plaintiffs. Accordingly, the Court orders—again—that Plaintiffs make a full disclosure of the emails and text messages and that they use the search terms provided by Defendants.  Within 14 days, the Court orders that Plaintiffs file a more detailed affidavit explaining not only that they have conducted an additional search, but also describing the terms used to search as detailed below.

Second, the Court ordered that Plaintiffs provide all of their personnel files from subsequent residency programs to Defendants, and yet Gathani has not done so.  Defendants point

---

[2] Beyond, presumably, the disclosure made on March 7, which Defendants do not appear to dispute.

to specific documents (including an "Appointment Letter") that they have reason to believe would have been within Gathani's personnel files.  *See* ECF No. 258 at 5-6.  For his part, Gathani swore in his affidavit that "I have produced all my personnel records that I had in my possession from [the James A. Haley V.A. facility].  My lawyers sent an authorization for the release of my records to that facility and they have not responded.  I expect the bulk of my records were in my possession and have been produced."  ECF No. 246-2 at 8.

Gathani is under a court order that requires him to "provide all…personnel files from subsequent residency programs to Defendants."  ECF No. 196.  Within fourteen days from the date of this order, Gathani will provide the personnel files or both Gathani and his counsel must submit affidavits detailing the steps they took in an attempt to provide these files.  The Court notes that, under Federal Rule of Civil Procedure 34(a)(1), the Defendants were entitled to request records in Gathani's "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  "Control does not require actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents…" and thus "[i]f a party has access and the practical ability to possess documents not available to the party seeking them,

5

production may be required." *Mirlis v. Greer*, 80 F.4th 377, 382 (2d Cir. 2023) (internal citations and quotation marks omitted). It appears that Gathani's own personnel file is within his control, and he must produce it.

Plaintiffs argue in their defense that "there is some inequity here as the defendants have withheld text messages until after the deposition of key defense witnesses and then the production was only triggered because a witness who no longer was employed by SVMC happened to produce some text messages shortly before his deposition." ECF No. 242 at 3. But the mechanism for relief for a party failing to respond to discovery is a motion to compel, not further tit-for-tat discovery violations: "it is well-established that a party cannot unilaterally refuse to fulfill its discovery obligations as retaliation for another party's discovery violations." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014); *see also Gropper v. David Ellis Real Estate, L.P.*, No. 13 Civ. 2068 (ALC)(JCF), 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014) ("Discovery is not equity: one party's noncompliance with discovery requirements does not excuse the other's failure to comply. Each party's obligation is independent, and any motion to compel will be determined on its own merits.").

Finally, the Court warns Plaintiffs that sanctions for failure to obey a discovery order could include dismissal of their action in whole or in part, rendering a default judgment against the disobedient party, and directing that certain matters or designated facts be taken as established for purposes of the action.  *See* Fed. R. Civ. P. 37(b)(2)(A).  Sanctions may also include reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(b)(2)(C).

The Court will address any potential award of reasonable expenses after the time for the additional production and certifications ordered below has passed.

### Conclusion

For the reasons set forth above, the Court GRANTS in part Defendants' motion for sanctions for Plaintiffs' violation of this Court's discovery order (ECF No. 196).  As interim sanctions, the Court ORDERS that:

(1)    Within 14 days from the date of this Order, Plaintiffs shall produce any remaining documents responsive to the Court's previous discovery order (ECF No. 196);

(2)    Within 14 days from the date of this Order, Plaintiffs shall file a certification of their efforts to comply with a search for responsive documents, including:

   a. Identifying all devices and accounts searched;

b. Specifying the date ranges, search terms, and search parameters used;

c. Confirming that no responsive documents are being withheld except for entries that are listed on a privilege log;

d. Identifying any sources believed to be unavailable or inaccessible and the steps taken to attempt recovery.

(3)   Within 14 days from the date of this Order, counsel for Gathani will file a certification either stating that Gathani's full personnel file has been produced or detailing the steps taken to provide Defendants with Gathani's personnel file.

Defendants may file a response after the Plaintiffs have filed their certifications.

DATED at Burlington, in the District of Vermont, this 6th day of July 2026.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge